IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 15-5796 |
| v. WAL-MART STORES, INC. | ) ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nancy Stack. As alleged with greater particularity in paragraphs 12-15 below, Defendant Wal-Mart Stores, Inc. discriminated against Nancy Stack on the basis of her disabilities by denying her reasonable accommodations and subjecting her to harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Wal-Mart Stores, Inc. (Wal-Mart or Defendant), has continuously been a Delaware corporation doing business in the State of Illinois and the City of Hodgkins, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Wal-Mart has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant Wal-Mart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Nancy Stack filed a charge with the Commission alleging violations of the ADA by Defendant Wal-Mart.

8. On October 16, 2014, the Commission issued to Defendant Wal-Mart a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Wal-Mart to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Wal-Mart a conciliation agreement acceptable to the Commission, and on January 6, 2015, issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

12. Nancy Stack is an individual with a disability under Section 3 of the ADA, 42 U.S.C. §§ 12102. In or about 1992, Stack was diagnosed with bone cancer. Her treatment for bone cancer included extensive chemotherapy, which caused her to have neuropathy in her feet, legs, and hands. In addition, Stack received a transplant of her femur and had a significant portion of her quadriceps muscle removed. Stack's bone cancer and the treatment Stack received for bone cancer are impairments and/or resulted in impairments that have substantially limited her major life activities, including, but not limited to, normal cell growth, standing, walking, and lifting.

13. In or about June 2013, Stack was diagnosed with breast cancer, an impairment that substantially limited her major life activities, including, but not limited to, normal cell growth.

14. At all relevant times, Stack could perform the essential functions of a Fitting Room Associate with or without a reasonable accommodation and was a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

15. Since at least April 2010, Defendant Wal-Mart has engaged in unlawful employment practices at its Hodgkins, Illinois store, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112 (a) and (b), by discriminating against Stack on the basis of her disabilities. These unlawful employment practices include denying Stack reasonable accommodations and subjecting Stack to a hostile work environment:

(a) Stack requested reasonable accommodations of working in the fitting room, having a chair, working shifts of reduced length, and working reduced hours per week. Wal-Mart denied these accommodations by transferring Stack from the fitting room after she returned to work following breast cancer treatment; failing to ensure that Stack had a chair in her work area; scheduling Stack for longer shifts than she had requested as reasonable accommodation; and scheduling Stack to work a number of hours per week that exceeded her accommodation request.

(b) Defendant subjected Stack to a hostile work environment on the basis of her disability. A co-worker created a hostile work environment for Stack, including, but not limited to, by making offensive disability-related comments; imitating the way Stack walked; harassing other employees with impairments; and making it more difficult for Stack to do her job by removing a chair and fatigue mat that Stack used because of her impairments. Stack complained to Wal-Mart about the co-worker's harassment, but Wal-Mart failed to remedy the harassment.

16.     The effect of the practices complained of in paragraph 15 above has been to deprive Stack of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

17.     The unlawful employment practices complained of in paragraph 15 above were intentional.

18.     The unlawful employment practices complained of in paragraph 15 above were done with malice or with reckless indifference to the federally protected rights of Stack.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Wal-Mart, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B.     Order Defendant Wal-Mart to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities , and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Wal-Mart to make whole Stack by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 15 above, in amounts to be determined at trial.

D.     Order Defendant Wal-Mart to make whole Stack by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 15 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.   Order Defendant Wal-Mart to pay Stack punitive damages for its malicious and reckless conduct, as described in paragraph 15 above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  June 30, 2015
.

.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Associate General Counsel

U.S. Equal Employment Opportunity
 Commission
131 M. Street, N.E.
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s/ Ann Henry
Ann Henry
Trial Attorney
Ann Henry
ARDC # 6272394

U.S. Equal Employment Opportunity
      Commission
Chicago District Office
500 West Madison Street, Suite 2000

.

Chicago, Illinois 60661
(312) 869-8098
ann.henry@eeoc.gov

Case: 1:15-cv-05796 Document #: 1 Filed: 06/30/15 Page 7 of 7 PageID #:7